**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTINA K. STONE, : | |
| PLAINTIFF, : | Docket No.: |
| : | |
| v. : | |
| : | |
| NASUNI CORPORATION, and : | |
| MATTHEW DEJOHN, : | |
| DEFENDANTS. : | |

## COMPLAINT AND JURY DEMAND

### Nature of the Case

1.   This is an action for declaratory judgment, permanent injunctive relief and

damages for injuries to Plaintiff as a result of Defendants' unlawful employment

practices in violation of the Family & Medical Leave Act (hereinafter the

"FMLA"), the Americans with Disabilities Act (the "ADA",) Title VII of the

Civil Rights Act, as amended ("Title VII"), and the Massachusetts Fair

Employment Practices Act ("M.G.L. c. 151B").

2.   The Plaintiff, Christina K. Stone ("Ms. Stone" or "Plaintiff"), was employed by

the Defendants as a Senior Support Engineer. For her first two years of her

employment, Ms. Stone excelled in her role and performed her job without

discipline. She was such a stellar employee that in October 2016, Ms. Stone

earned the first prestigious UNI Award given by Nasuni, representing the

Employee of the Quarter. Her good standing changed after she asserted her rights

under the law and came under the supervision of Defendant Matthew DeJohn.

Since at least November 2016, Defendants were on notice of Ms. Stone's disabilities, assertion of her rights under the law, and that she was a single mother with two children with disabilities. Once Plaintiff was under Defendant DeJohn's supervision, Defendants treated Ms. Stone disparately due to her gender, disabilities and assertion of her rights under the law. Defendants ignored her requests for reasonable accommodation, failed to advise her properly of her rights under the FMLA, and tried to get rid of her through unreasonable workloads and scrutiny. Ultimately on December 15, 2017, Defendant DeJohn terminated Plaintiff's employment without complying with Nasuni policies and procedures. Shortly before Ms. Stone's Christmas vacation, Defendants terminated her employment because of her gender and disability, despite her rights under the FMLA, Title VII, the ADA and M.L.G. c. 151B, and/or in retaliation for asserting her rights under those laws. Ms. Stone suffered damages as a result of Defendants unlawful actions.

### The Parties

3.  Ms. Stone is female and resides in Hopkinton, Middlesex County, Massachusetts at all times relevant to this action.

4.  Nasuni Corporation is a foreign corporation with a principal place of business at One Marina Park Drive, Boston, Essex County, Massachusetts.

5.  Upon information and belief, Defendant Matt DeJohn is employed by Nasuni Corporation as the Director of Global Support, and lives in Newton Highlands, Middlesex County, Massachusetts.

6.  Ms. Stone at all times described in this Complaint was an employee of Defendants within the meaning of the FMLA, Title VII, the ADA and M.G.L. c. 151B.

7.     Defendant Nasuni Corporation at all times described in this Complaint was Ms.

       Stone's employer within the meaning of the FMLA, Title VII, the ADA and

       M.G.L. c. 151B.

### Jurisdiction and Venue

8.     Federal jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331.

9.     Supplemental jurisdiction over Plaintiff's state law claims is invoked pursuant to

       28 U.S.C. § 1367.

10.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that

       Plaintiff resides in this venue and a substantial part of the events or omissions

       giving rise to the claims occurred in this venue.

11.    On or about October 1, 2018, the Plaintiff filed a proper and timely charge of

       discrimination with the Massachusetts Commission Against Discrimination

       ("MCAD"), which charge was cross-filed with the Equal Employment

       Opportunity Commission ("EEOC").

12.    Plaintiff notified the MCAD and the EEOC that she would be removing her case

       and filing in federal court. The MCAD issued a dismissal on or about March 18,

       2019, and the EEOC issued a dismissal on or about March 28, 2019. Those

       dismissals are attached hereto as Exhibit A.

13.    All administrative and jurisdictional prerequisites to suit have been satisfied.

### Facts

14.    Nasuni Corporation hired Plaintiff on or about September 15, 2014 as a Senior

       Support Engineer.

15.     Upon information and belief, Plaintiff was the only female Senior Support
        Engineer in her local department.

16.     Upon information and belief, after her termination, Plaintiff's position was filled
        by a male candidate.

17.     At all relevant times, Plaintiff was a single mother with two children. Both of
        Plaintiff's sons have been diagnosed with disabilities. Defendants were aware of
        same.

18.     When Plaintiff took time off for medical appointments for herself or her children,
        Nasuni Corporation treated her as if was trying to take advantage of the system,
        whereas Plaintiff's male co-workers regardless of their parental and/or disabled
        status took time for appointments as needed without it reflecting poorly on their
        performance or perceived "commitment." Some such appointments were for
        treatment of Plaintiff's or her child's serious medical condition(s). Despite this
        knowledge, Plaintiff was not advised that she could take job-protected leave for
        these appointments.

19.     In December 2016, Plaintiff was hit by another vehicle while driving and suffered
        injuries that caused neck injury and pain, and ultimately necessitated a period of
        physical therapy, generally twice weekly. Despite, and/or because of, notice of
        this condition, Nasuni Corporation placed Plaintiff under greater pressure and
        scrutiny.

20.     For years, Plaintiff had managed conditions of anxiety and depression.
        Defendants' unlawful treatment of her caused Plaintiff's condition to worsen. She
        told Defendants about her condition on multiple occasions. Despite this

knowledge, Plaintiff was not advised that she could take job-protected leave for her conditions.

21.     In or about April 2017, Plaintiff began physical therapy for injuries resulting from the car accident. Plaintiff was not placed on FMLA or informed of her rights to a reasonable accommodation. Defendant DeJohn refused to permit Plaintiff time to attend physical therapy during the workday. He even refused Plaintiff's request to attend physical therapy during her lunchbreak. Rather, Plaintiff attended physical therapy twice weekly and was required to make the time up on nights and weekends.

22.     Defendants were aware of Plaintiff's medical condition and need for ongoing treatment.

23.     Prior to Plaintiff's injury, she reported to John Gniadek, Vice President of Support.

24.     During Mr. Gniadek's tenure, Plaintiff was not subjected to discipline, had a reasonable workload and earned the first ever UNI Award recognizing the employee of the quarter for exceptional contribution in or about October 2016.

25.     In or about July 2017, Plaintiff was assigned to report to Defendant Matthew DeJohn.

26.     Despite Plaintiff's previously stellar performance, Defendant DeJohn would denigrate Plaintiff and frequently ask her if she was capable of performing her job.

27.     Almost immediately after assuming supervision of Plaintiff, Defendant DeJohn targeted Plaintiff for a Performance Improvement Plan (PIP) that claimed she was

"below expectations," and that she needed to show improvement in "every aspect of [her] role." The PIP was presented to Plaintiff on or about August 17, 2017, and was designed as part of an artifice and scheme to support her termination or force her to resign for unlawful reasons.

28.  This PIP was not reflective of Plaintiff's performance. The PIP falsely and negatively rated her performance.

29.  Plaintiff made it through the PIP by not sleeping for three (3) days to achieve the unrealistic goals set for her. Unlike her male peers, Plaintiff was often forced to skip breaks, meals and sleep to keep up with the PIP and unreasonable work requirements, which were not required of her male coworkers, such as updating every case daily.

30.  On October 13, 2017, Defendant DeJohn informed Plaintiff that she was taken off the PIP and had shown improvement in all areas of plan.

31.  Additionally, the work piled on under Defendant DeJohn. Plaintiff frequently attempted to discuss her concerns about the increasing workload, the hours required to complete the assignments and the impact this was having on her medical conditions and home life.

32.  Rather than acknowledging Plaintiff's legitimate concerns about her workload, the impact it was having on her medical conditions, and discussing possible accommodations and/or workload solutions, Defendant DeJohn would belittle, threaten, and dismiss Plaintiff stating, "I don't think you can do this job." Plaintiff's male co-workers were not subjected to such harsh treatment.

33. Defendant DeJohn stated he would assist Plaintiff in one-on-one meetings with him; however, he regularly cancelled and/or ignored any such meetings.

34. For months, Plaintiff would tell Defendant DeJohn that he was unreasonably increasing her workload. Plaintiff requested assistance and made reasonable suggestions for resolution. Defendant DeJohn would ignore these requests and suggestions.

35. When Plaintiff would attempt to discuss the reality of how long her assignments took to complete, Defendant DeJohn would dismiss her reports stating she did not need to work that long. Plaintiff offered to show Defendant DeJohn evidence that would show the time necessary to complete these assignments. Defendant DeJohn would state that he was not interested.

36. Plaintiff was supposed to be available for unscheduled customer calls from about 8 a.m. until 4 p.m. Plaintiff also had assignments she needed to complete. Plaintiff worked hard to keep up with her workload while dealing with the call interruptions.

37. Other employees were supposed to cover the calls with Plaintiff from 8 a.m. until 4 p.m. and then after 4 p.m. without Plaintiff. Plaintiff was frequently required to work on calls coming in after 4 p.m. because her male co-workers were not accepting calls, despite being scheduled to work on this line. Plaintiff was often chastised for not answering calls after 4 p.m., while her male cohorts *who were scheduled to be on the line at those times* were not chastised or disciplined. Answering these calls made it difficult to keep up with her duties, and often kept Plaintiff working late into the night to the detriment of her health.

38.   Plaintiff would inform her supervisors and peers that the workload was negatively impacting her health, putting them on notice that she may have a disability and/or serious medical condition. When she took time off for herself and/or her son, she would report this to her supervisors, further providing notice.

39.   Plaintiff was targeted for termination and/or forced resignation due to her gender, perceived or actual disability and/or for taking protected activities.

40.   Plaintiff was disciplined for issues for which her male and non-disabled counterparts were not. For example, Plaintiff was disciplined for not responding in three (3) days to a matter and/or for not daily updating Salesforce on all matters, while her male and/or non-disabled co-workers would often delay for months without consequence.

41.   Plaintiff's legitimate concerns and complaints were ignored and dismissed because she is female.

42.   At times, Defendant DeJohn would state Nasuni Corporation needed to update the caseload and hire new people. But no help was forthcoming.

43.   Plaintiff had to fight for holiday pay given freely to her male and/or non-disabled counterparts.

44.   A manager, Christopher LaCasse, would criticize Plaintiff for not completing a task or make incorrect statements in a meeting. When Plaintiff would offer to prove she had in fact completed the task or provide the correct information (as her role required), he would dismiss Plaintiff stating he was not interested. Tellingly, Mr. LaCasse would take particular offense when it was Plaintiff – the only female on the team – who would tell him the information given to the group was wrong.

45.  Defendant DeJohn would tell Plaintiff not to be "combative" in case notes for merely doing her job.

46.  It was not uncommon for employees and even managers to swear in the workplace, and Plaintiff was never asked not to swear.

47.  On or about December 15, 2017, Defendant DeJohn asked Plaintiff to meet him for a meeting. The previous day had been a particularly trying day, and Plaintiff began again explaining system suggestions and her need for assistance to Defendant DeJohn. Plaintiff stated she was not assisted as she should be, and while others ignored calls, she was left to perform additional duties.

48.  Defendant DeJohn broke from company policy and suddenly and abruptly terminated Plaintiff. Defendant DeJohn again stated, "I don't think you can do this job. I can't make you professional. You don't work with the people in engineering well," or words to that effect and terminated Plaintiff's employment.

49.  In fact, Plaintiff had a good relationship with engineering except for Mr. LaCasse as outline above.

50.  Defendant DeJohn walked Plaintiff out, mentioning that Plaintiff was mismanaging her time. He also made reference to Plaintiff's children.

51.  Plaintiff was fired without severance mere weeks before Christmas, losing the insurance necessary to treat her and her children's medical conditions.

52.  A fellow employee put on the PIP around the time of Plaintiff's PIP was provided a severance agreement.

53.  Plaintiff was not given her bonus or a portion of her bonus for 2017, which was scheduled to be 90% of the maximum potential bonus.

54.     Plaintiff was not paid for on-call wages or accrued vacation.

55.     Defendant DeJohn lied to employees and stated he gave Plaintiff a "really good" severance, although initially Plaintiff was told she would not get a severance.

56.     The company did not follow its own written policies regarding discrimination and disability accommodation.

57.     Defendants' treatment of Plaintiff was in marked contrast to the treatment of her coworkers who had not taken protected actions and were not disable/regarded as disabled.

58.     Defendants' treatment of Plaintiff was in marked contrast to the treatment of her male coworkers.

59.     Defendant DeJohn's and other Nasuni employees' inappropriate and offensive discriminatory comments, actions and hostile treatment created a hostile work environment on the basis of sex/gender for Plaintiff.

60.     Nasuni Corporation took various actions which contributed to a hostile work environment on the basis of sex/gender, and/or constitute adverse job actions.

61.     Plaintiff's work environment was pervaded by harassment and abuse, resulting in intimidation, humiliation, stigmatization and significant anxiety. It posed a formidable barrier to her full participation in the workplace.

<u>The Defendants' Motivation</u>

62.     The ostensible reason for the Plaintiff's dismissal was pretextual.

63.     The Defendants' conduct, as more particularly set forth above, was willful and knowing.

64.   The Defendants' conduct, as more particularly set forth above, was intended to and did harm the Plaintiff.

65.   The Defendants' conduct, as more particularly set forth above, has caused the Plaintiff to suffer emotional distress, and continues to do so.

66.   The Defendants' conduct, as more particularly set forth above, was made with the knowledge and intent to violate state and federal law.

67.   The Defendants' conduct, as more particularly set forth above, was carried out with malice.

68.   The Defendants' conduct, as more particularly set forth above, was outrageous and egregious, and warrants condemnation and deterrence.

### COUNT I: Violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* Against Defendant Nasuni Corporation

69.   Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 68 and incorporates them by reference herein.

70.   Defendant Nasuni Corporation is an employer under the FMLA, 29 U.S.C. § 2611(4), and subject to its provisions.

71.   The Plaintiff's conditions of back injury, anxiety and depression – separately and cumulatively - constituted one or more serious health conditions pursuant to 29 U.S.C. § 2611(11). These conditions necessitated ongoing medical treatment and at times necessitated absences from work.

72.   As outlined above, Defendant Nasuni Corporation knew or should have known that Ms. Stone has one or more qualifying conditions under the FMLA.

73.   Plaintiff's sons had medical conditions which constituted one or more serious health conditions pursuant to 29 U.S.C. § 2611(11). These conditions necessitated

ongoing medical treatment and at times necessitated Plaintiff's absences from work.

74. As outlined above, Defendant Nasuni Corporation knew or should have known that Ms. Stone's sons had one or more qualifying conditions under the FMLA.

75. Under the FMLA, 29 U.S.C. § 2612, Plaintiff was entitled to take up to 12 weeks of intermittent leave during any 12-month period.

76. Defendant Nasuni Corporation had a duty to refrain from interfering with, restraining, and/or denying the exercise or the attempt to exercise Plaintiff's rights under 29 U.S.C. §§ 2611, *et seq*.

77. As more particularly described above, Defendant Nasuni Corporation interfered with the Plaintiff's exercise of her rights under FMLA by, *inter alia*, failing to alert her of her legal rights, denying her time off, complaining about her use of leave, discouraging her from taking leave, issuing her unwarranted discipline/PIP, and dismissing her from Defendant Nasuni Corporation's employ for having exercised her rights under the statute.

78. The interference described above violated the Plaintiff's rights under the FMLA.

79. Plaintiff suffered damages as a result of these unlawful acts.

80. Defendant Nasuni Corporation is liable to the Plaintiff for violating her rights under the FMLA, 29 U.S.C.§ 2612.

**COUNT II: Retaliation for Use of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* Against Defendant Nasuni Corporation**

81. Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 80 and incorporates them by reference herein.

82. Defendant Nasuni Corporation was aware of Plaintiff's protected activities.

83. By complaining about her use of leave, discouraging her from taking leave, denying her use of leave, issuing her unwarranted discipline, assigning her an unreasonable workload, holding her to unreasonable standards, and dismissing her from Defendant Nasuni Corporation's employ for having exercised her rights under the statute and dismissing the Plaintiff from its employ, and in divers other ways as more particularly described above, Defendant Nasuni Corporation retaliated against Plaintiff for exercising her rights under the FMLA.

84. Retaliation for the exercise of rights protected by the FMLA is a violation of law. 29 U.S.C. § 2615(a).

85. Plaintiff suffered damages as a result of this unlawful conduct.

86. Defendant Nasuni Corporation's conduct in retaliating against the Plaintiff for the exercise of her rights under FMLA was willful and intentional.

87. Defendant Nasuni Corporation is liable to the Plaintiff for violating her rights under the FMLA, 29 U.S.C.§ 2612.

### COUNT III: Violation of Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*: Failure to Accommodate Against Defendant Nasuni Corporation

88. Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 87 and incorporates them by reference herein.

89. Plaintiff was, at all times, a qualified individual with a disability who was able to perform the essential functions of her position with or without accommodation.

90. Plaintiff suffered from neck and back injury, anxiety and depression. These impairments at times necessitated absences from work, required ongoing medical treatment and substantially impaired her ability to eat, sleep, eat, think, concentrate, walk and/or work, (among other major life activities).

91.     Plaintiff's condition constituted a disability under the ADA, as amended, 42

        U.S.C. § 12111, *et seq.*

92.     Defendant Nasuni Corporation had notice of Ms. Stone's impairment and need for

        accommodation.

93.     Defendant Nasuni Corporation had a duty to provide Plaintiff with reasonable

        accommodations that did not impose an undue hardship.

94.     On multiple occasions, Plaintiff made requests for reasonable accommodation,

        including time off for medical treatment and managing her workload to permit her

        necessary sleep for her medical condition(s). By harassing Plaintiff about these

        requests, assigning her an unreasonable workload, holding her to unreasonable

        standards, and denying these requests, among other things, Defendant Nasuni

        Corporation refused and directly and/or effectively failed to provide Ms. Stone

        with the requested reasonable accommodation(s).

95.     These accommodations were reasonable and would not have caused Defendant

        Nasuni Corporation's undue hardship.

96.     Further, Defendant Nasuni Corporation failed to engage with Plaintiff in an

        interactive dialogue in good faith.

97.     The Plaintiff has suffered damages as a result of Defendant Nasuni Corporation's

        violations of law set forth above.

98.     Defendant Nasuni Corporation is liable for the violations of law set forth above.

### COUNT IV: Violation of Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*: Discrimination and Retaliation Against Defendant Nasuni Corporation

99.     Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 98 and

        incorporates them by reference herein.

100.   Defendant Nasuni Corporation discriminated against the Plaintiff on account of her disability by, *inter alia*, complaining about her use of leave, discouraging her from taking leave, denying her use of leave, issuing her unwarranted discipline/PIP, assigning her an unreasonable workload, unfairly scrutinizing her performance, and dismissing her from Defendant Nasuni Corporation's employ for having exercised her rights under the statute, and in divers other ways as more particularly described above.

101.   Defendants had notice of the Plaintiff's disability and of her protected activities and was motivated by Plaintiff's disability and her protected activities in terminating her employment.

102.   In the alternative, Defendants regarded the Plaintiff as having a disability, and discriminated against her on account of its perception that the Plaintiff's condition constituted a disability as defined by the ADA, as amended.

103.   Defendant Nasuni Corporation had a duty to refrain from retaliating and/or discriminating against the Plaintiff on account of her disability or perceived disability

104.   Defendant Nasuni Corporation's violations of law caused Plaintiff damages.

105.   Defendant Nasuni Corporation is liable to Plaintiff for the violations of law set forth above.

106.   Defendant Nasuni Corporation's acts of retaliation and discrimination against the Plaintiff, as more particularly described above, were made with malice or with reckless indifference to Ms. Stone's federally protected rights.

**COUNT V: Title VII, 42 U.S.C. § 2000e, et seq. - Gender Discrimination and Harassment Against Defendant Nasuni Corporation**

107.   Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 106 and incorporates them by reference herein.

108.   Defendant Nasuni Corporation is an employer under Title VII, 42 U.S.C. § 2000e et seq., and subject to its provisions.

109.   As outlined above, Defendant treated Plaintiff differently as to the terms and conditions of her employment based upon her gender.

110.   Plaintiff was harassed, discriminated against and retaliated against, at least in part, based upon based upon her gender.

111.   This environment and the conditions imposed upon Plaintiff related to and adversely affected the terms and conditions of her employment.

112.   Defendant Nasuni Corporation through its agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant DeJohn and others, as described above.

113.   Defendant Nasuni Corporation failed to take all reasonable and necessary steps to eliminate gender discrimination from the workplace and to prevent it from occurring in the future.

114.   Plaintiff was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct, harassment and retaliation would not continue.

115.   The discrimination and harassment described above violated the Plaintiff's rights under Title VII and caused her damages.

116.   Defendant Nasuni Corporation is liable to the Plaintiff for violating her rights under Title VII.

### COUNT VI: Title VII, 42 U.S.C. § 2000e, et seq. – Retaliation Against Defendant Nasuni Corporation

117.   Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 116 and incorporates them by reference herein.

118.   Defendant Nasuni Corporation is an employer within the meaning of Title VII, 42 U.S.C. § 2000e et seq., and subject to its provisions.

119.   As herein alleged, the Defendants, by and through its officers, managing agents and/or its supervisors, illegally retaliated against Plaintiff by unjustly subjecting her to unjust scrutiny and standards, an assigned unreasonable workload, unwarranted discipline/PIP, unwelcome and derisive comments and termination solely because she had opposed the aforementioned discrimination. Defendants had no legitimate reasons for any such act. Each said act of retaliation is in violation of Title VII.

120.   As a direct and proximate result of the Defendant's willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff has suffered and will suffer damages.

121.   The retaliation described above violated the Plaintiff's rights under Title VII.

122.   Defendant Nasuni Corporation is liable to the Plaintiff for violating her rights under Title VII.

### COUNT VII: Violation of M.G.L. c. 151B § 4– Sex Discrimination and Harassment Against Defendant Nasuni Corporation

123.   Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 122 and

incorporates them by reference herein.

124.  Defendant Nasuni Corporation is an employer under M.G.L. c. 151B, and subject
to its provisions.

125.  Defendant treated Plaintiff differently as to the terms and conditions of her
employment based upon her sex.

126.  Plaintiff was harassed and discriminated against, at least in part, based upon based
upon her sex and her complaining of unfair treatment.

127.  This environment and the conditions imposed upon Plaintiff related to and
adversely affected the terms and conditions of her employment.

128.  Defendant Nasuni Corporation through its agents or supervisors failed to
adequately supervise, control, discipline, and/or otherwise penalize the conduct,
acts, and failures to act of Defendant DeJohn and others, as described above.

129.  Defendant Nasuni Corporation failed to take all reasonable and necessary steps to
eliminate sex discrimination from the workplace and to prevent it from occurring
in the future.

130.  Plaintiff was severely and adversely affected by the Defendants' conduct and the
failure of the Defendants to take reasonable steps to ensure that this
discriminatory conduct and harassment would not continue.

131.  The above action and inaction violated the Plaintiff's rights under M.G.L. c. 151B
and caused her damages.

132.  Defendant Nasuni Corporation is liable to the Plaintiff for violating her rights
under M.G.L. c. 151B.

### COUNT VIII: Violation of Mass. Gen. Laws c. 151B, § 4(16), Handicap Discrimination Against Defendant Nasuni Corporation

133.   Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 132 and incorporates them by reference herein.

134.   Plaintiff was, at all times, a qualified individual with a handicap who was able to perform the essential functions of her position with or without accommodation.

135.   Plaintiff's condition(s) constituted a handicap(s) under M.G.L. c. 151B, § 4(16).

136.   Defendant Nasuni Corporation discriminated against the Plaintiff on account of her handicap by, *inter alia*, complaining about her use of leave, discouraging her from taking leave, denying her use of leave, issuing her unwarranted discipline/PIP, holding her accountable for an unreasonable workload and standards, and dismissing her from Defendant Nasuni Corporation's employ for having exercised her rights under the statute and dismissing the Plaintiff from its employ, and in divers other ways, as more particularly described above.

137.   The Defendants' harassment and dismissal of Plaintiff were motivated by her disability.

138.   In the alternative, Defendants regarded the Plaintiff as having a handicap or impairment as defined by M.G.L. c. 151B, § 1(17), and discriminated against her on the basis of that perception.

139.   Defendant Nasuni Corporation had a duty to refrain from discriminating against the Plaintiff on account of her handicap or on account of a perceived handicap.

140.   Defendant Nasuni Corporation had a duty to provide Plaintiff with reasonable accommodations that did not impose an undue hardship.

141.    On multiple occasions, Defendant Nasuni Corporation interfered with Plaintiff's approved requests for leave as a reasonable accommodation, directly or effectively denying same.

142.    These accommodations were reasonable and would not have caused Defendant Nasuni Corporation undue hardship.

143.    Further, Defendant Nasuni Corporation failed to engage with Plaintiff in an interactive dialogue in good faith.

144.    The Plaintiff has suffered damages from the violations of law set forth above.

145.    Defendant Nasuni Corporation is liable to Plaintiff for the violations of law set forth above.

146.    Defendant Nasuni Corporation's acts of discrimination against the Plaintiff, as more particularly described above, were outrageous or egregious and warrant punishment.

### COUNT IX: Violation of Mass. Gen. Laws c. 151B, § 4(4), Retaliation Against All Defendants

147.    Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 146 and incorporates them by reference herein.

148.    As outlined above, the Defendants retaliated and discriminated against Plaintiff because she opposed the Defendants' violation(s) of her rights under M.G.L. c. 151B, § 4.

149.    The Plaintiff has suffered damages from the violations of law set forth above.

150.    The Defendants are liable to Plaintiff for the violations of law set forth above.

151.    The Defendants' acts of discrimination against the Plaintiff, as more particularly described above, were outrageous or egregious and warrant punishment.

## COUNT X: Violation of Mass. Gen. Laws c. 151B, §4(4A), Coercion, Intimidation, Interference and Threats Against Defendant DeJohn

152. Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 151 and incorporates them by reference herein.

153. As outlined above, Defendant DeJohn coerced, intimidated, and threatened Plaintiff for, and interfered with Plaintiff's exercise and enjoyment of her rights to a reasonable accommodation and to be free from discrimination and retaliation.

154. The Plaintiff has suffered damages from the violations of law set forth above.

155. Defendant DeJohn is liable to Plaintiff for the violations of law set forth above.

156. Defendant DeJohn's acts of discrimination against the Plaintiff, as more particularly described above, were outrageous or egregious and warrant punishment.

## COUNT XI: Violation of Mass. Gen. Laws c. 151B, § 4(5), Aiding and Abetting Against Defendant DeJohn

157. Plaintiff reiterates the allegations of the foregoing paragraphs 1 through 156 and incorporates them by reference herein.

158. As outlined above, Defendant DeJohn aided, abetted, incited, compelled or coerced the doing of acts forbidden under M.G.L. c. 151B.

159. The Plaintiff has suffered damages from the violations of law set forth above.

160. Defendant DeJohn is liable to Plaintiff for the violations of law set forth above.

161. Defendant DeJohn's acts of discrimination against the Plaintiff, as more particularly described above, were outrageous or egregious and warrant punishment.

WHEREFOR, Plaintiff prays the court to:

    a.  Adjudge Defendant Nasuni Corporation liable for the violations of law set forth in Count I.

    b.  Adjudge Defendant Nasuni Corporation liable for the violations of law set forth in Count II.

    c.  Adjudge Defendant Nasuni Corporation liable for the violations of law set forth in Count III.

    d.  Adjudge Defendant Nasuni Corporation liable for the violations of law set forth in Count IV.

    e.  Adjudge the Defendant Nasuni Corporation liable for the violations of law set forth in Count V.

    f.  Adjudge the Defendants liable for the violations of law set forth in Count VI.

    g.  Adjudge Defendant DeJohn liable for the violations of law set forth in Count VII.

    h.  Adjudge Defendant DeJohn liable for the violations of law set forth in Count VIII.

    i.  Adjudge both Defendants liable for the violations of law set forth in Count IX.

    j.  Adjudge Defendant DeJohn liable for the violations of law set forth in Count X.

    k.  Adjudge Defendant DeJohn liable for the violations of law set forth in Count XI.

    l.  Award the Plaintiff lost wages, benefits and other economic losses according to law.

m.  Award the Plaintiff damages for emotional pain and suffering according to law.

n.  Award the Plaintiff liquidated damages, as provided by law.

o.  Award the Plaintiff punitive damages, as provided by law.

p.  Award the Plaintiff pre- and post-judgement interest, according to law.

q.  Award the Plaintiff her costs and reasonable attorneys' fees, as provided by

law.

r.  Grant the Plaintiff such additional relief, including equitable relief, as the court

deems reasonable and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on her claims.

Respectfully submitted,
CHRISTINA STONE,
By her attorney,

Dated: June 14, 2019

Melissa A. Pomfred (BBO# 665682)
melissa@pomfredlaw.com
Pomfred Law Offices, PLLC
5 East Street
Franklin, MA 02038
P: (508) 321-7859
F: (508) 321-9333